UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TANA L. JACOBS,

      Plaintiff,

      v.

FRANK BISIGNANO,[1]

      Defendant.

CIVIL ACTION NO. 25-CV-182

(SAPORITO, J.)
(CAMONI, M.J.)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Sean A. Camoni, in which he recommends that the court affirm the decision of Commissioner Bisignano declaring that the plaintiff's disability ended on April 30, 2015. (Doc. 15).

Judge Camoni's report and recommendation comes in light of the Appeals Council's decision to deny the plaintiff's Exceptions filing in response to an Administrative Law Judge's decision to find that her disability ended on April 30, 2015. (Doc. 11). In her complaint, the plaintiff alleges that the Commissioner's decision to deny her claim is not supported by substantial evidence. (Doc. 1, ¶ 5). She timely filed her

---

[1] Frank Bisignano became the new Social Security Commissioner as of May 7, 2025, replacing Michelle King as the defendant.

complaint in this court on January 30, 2025. The plaintiff raises four issues on appeal: (1) whether the ALJ erred in failing to properly analyze whether medical improvement occurred; (2) whether the ALJ failed to acknowledge that the medical expert, Dr. Ostrow, testified that the plaintiff was capable of less than a full range of light work; (3) whether the ALJ erred in finding that the plaintiff could perform detailed work; and (4) whether the ALJ erred in finding that the plaintiff could perform other jobs in significant numbers. (Doc. 15, at 12) (citing (Doc. 11, at 8)). Judge Camoni analyzed each appeal individually.

Judge Camoni first analyzed whether the ALJ erred in failing to properly analyze whether the plaintiff experienced medical improvement from her original disability diagnosis. He found that the ALJ did not err, explaining that the ALJ "conducted the required longitudinal analysis and found substantial evidence of improvement." (Doc. 15, at 13). Judge Camoni further found that the ALJ reviewed medical records, testimony from the plaintiff and her family, and the plaintiff's daily activities in making the decision. Therefore, Judge Camoni recommends that the court affirm the ALJ's finding as that finding is supported by substantial evidence in the record.

Judge Camoni next analyzed whether the ALJ properly considered the testimony of medical expert, Dr. Ostrow. Judge Camoni concluded, however, that the plaintiff failed to explain how Dr. Ostrow's opinion conflicted with the ALJ's finding that the plaintiff was capable of performing a full range of light work. Indeed, Judge Camoni determined that Dr. Ostrow's testimony was consistent with that finding. Judge Camoni then analyzed the plaintiff's allegation that the ALJ erred in determining that the plaintiff could perform detailed work. Judge Camoni found that the ALJ's determination was supported by substantial evidence because he based his decision on the plaintiff's medical records, doctor's opinions, and daily activities from 2015 to 2022.

Finally, Judge Camoni analyzed whether the ALJ erred in finding that the plaintiff could perform other jobs in significant numbers. Judge Camoni determined that the ALJ's decision was supported by substantial evidence in the record, finding that the plaintiff had the mental capacity for simple, repetitive, and routine tasks, and thus, could perform a significant number of available jobs. Therefore, because Judge Camoni reasoned that the ALJ based his determinations on substantial evidence in the record and did not err in those decisions, he recommends that the

court affirm the Commissioner's conclusion that the plaintiff's disability ended on April 30, 2015.

The plaintiff filed three objections to Judge Camoni's report and recommendation on March 12, 2026. (Doc. 16). But upon review, we find those objections unpersuasive. Two of the plaintiff's objections merely disagree with two of the ALJ's factual findings rather than engage with the ALJ's conclusions, and Judge Camoni's affirmations, that those determinations were supported by substantial evidence in the record. *See* (Doc. 16, ¶¶ 1, 3). Moreover, while the third objection cites legal authority in support of that objection, the plaintiff fails to tailor that authority to the facts of this case to establish that the ALJ's finding was not supported by substantial evidence in the record. *See* (*Id.*, ¶ 2).

We conclude that following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested and contested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Camoni's analysis to be well-reasoned and fully supported by the record and applicable law.

Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    The report and recommendation of Judge Camoni (Doc. 15) is **ADOPTED** in its entirety;

2.    The decision of the Commissioner declaring that the plaintiff's disability ended on April 30, 2015, is **AFFIRMED**; and

3.    The Clerk of Court shall enter judgment and close this case.

Dated: March __20__, 2026

JOSEPH F. SAPORITO, JR.
United States District Judge